**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 98-30613
Summary Calendar
_____

REGINALD BROWN,

Plaintiff,

KEVIN P. GIPSON,

Appellant,

versus

EMERSON ELECTRIC COMPANY; LOUISVILLE LADDER CO,
INC,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
(97-CV-3117-L)

July 1, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Appellant, Kevin P. Gipson, appeals the district court's order requiring him to pay $750.00 in attorneys' fees to the Defendant-Appellees. The district court sanctioned Gipson for his repeated refusals to comply with discovery orders, as well as his failure to appear before the court for numerous motion hearings. The imposition of sanctions is a matter of discretion for the district court, which we review only for abuse. *See Shipes v. Trinity Industries*, 987 F.2d 311, 323 (5th Cir. 1993). An attorney may be held liable for reasonable expenses, including attorney's fees, caused by his failure to comply with discovery. *See id.*

_____

[*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In his appellate brief, Gipson attempts to explain his failure to attend one particular hearing. However, he provides no basis for reversing the district court's imposition of sanctions. The sanctions stemmed from numerous incidents in which Gipson failed to comply with court orders and failed to appear at hearings. After reviewing the record, we conclude that the district court did not abuse its discretion in imposing sanctions.

Accordingly, the judgment of the district court is AFFIRMED.